# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MICHAEL ROBERT ERSKINE,     :

    Petitioner,          :

                                  CIVIL ACTION NO. 18-0236-KD-MU

                               :

vs.                          CRIMINAL NO. 14-0274-KD AND

                             :          CRIMINAL NO. 15-0079-KD

UNITED STATES OF AMERICA,

                               :

    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner Michael Robert Erskine's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, filed only in Criminal No. 14-0274-KD (*see* Doc. 82). The Court treats the motion as having been filed in Criminal No. 15-0079-KD as well (*see id.* (directing arguments to both cases)), as with the government's response in opposition (Doc. 84).[1] This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Erskine's conclusory § 2255 motion be **DENIED** without an evidentiary hearing. *Compare, e.g., Rosin v. United States,* 786 F.3d 873, 878 (11th Cir.) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively

---

[1]    Petitioner was extended the opportunity to file a reply by not later than August 22, 2018 (Doc. 83); however, no reply has been filed by Erskine (*compare id. with* Docket Sheet).

contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."), *cert. denied*, ___ U.S. ___, 136 S.Ct. 429, 193 L.Ed.2d 320 (2015), and *United States v. Bejacmar*, 217 Fed.Appx. 919, 921 (11th Cir. Feb. 15, 2007) ("[I]f the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous, a district court is not required to hold an evidentiary hearing.") *with Means v. Secretary, Dep't of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) and *Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## **FINDINGS OF FACT**

On November 25, 2014, Erskine was charged by indictment with one count of failing to register and update a registration as required by the Sex Offender Registration and Notification Act (SORNA—42 U.S.C § 16901 *et seq.*), in violation of 18 U.S.C. § 2250(a). (Doc. 1 in Criminal No. 14-0274-KD, at 1 ("Between on or about April 29, 2014 continuing through October 17, 2014, in the Southern District of Alabama, Southern Division and elsewhere, the defendant, **MICHAEL ROBERT ERSKINE**, having traveled in interstate and foreign commerce, knowingly failed to register and update a

registration as required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.* which required the defendant to register as a sex offender by reason of a conviction under the law of Virginia, to-wit, on June 26, 1995, he was convicted of Aggravated Sexual Battery in Case No. 95-129.")).[2] Erskine's case was continued for a number of trial terms (*see* Docs. 24, 28, 31, 37 & 39 in Criminal No. 14-0274-KD). In the meantime, on April 30, 2015, Erskine was charged by separate indictment with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). *See United States v. Erskine,* Criminal No. 15-0079-KD, Doc. 1, at 1 ("Between on or about January 1, 2014 through on or about May 30, 2014, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant, **MICHAEL ROBERT ERSKINE**, knowingly received and distributed images of child pornography as defined in 18 U.S.C. § 2256(8)(A) that had been shipped and transported in and affecting interstate commerce by any means including by computer.").[3]

---

[2]    18 U.S.C. § 2250(a) provides as follows: "Whoever—(1) is required to register under the Sex Offender Registration and Notification Act; (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both." *Id.*

[3]    The relevant portions of 18 U.S.C. § 2252A read, as follows: "**(a)** Any person who-- . . . **(2)** knowingly receives or distributes**—(A)** and child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or **(B)** any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; . . . **(5)** . . . **(B)** knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been (Continued)

Erskine filed written notices of intent to plead guilty to the sole count of the indictment in Criminal No. 14-0274-KD on June 16, 2015 (Doc. 45) and to the sole count of the indictment in Criminal No. 15-0079-KD (*see* Doc. 16). Erskine signed the negotiated Plea Agreement, which addressed both charges, on June 18, 2015 (*see, e.g.,* Doc. 48 in Criminal No. 14-0274-KD, at 10 ("I have consulted with my counsel and fully understand all my rights with respect to the offense charged in [each] Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt."[4] (footnote added)). Erskine entered a counseled

---

mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; . . . shall be punished as provided in subsection (b). **(b)(1)** Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years. **(2)** Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years." *Id.*

[4]     The Factual Resume set forth the elements of the failure to register as a sex offender charge (Doc. 48, Factual Resume, at 1) and the receipt of child pornography charge (*id.* at 2). The Offense Conduct reads, as follows:

(Continued)

guilty plea to those charges on June 23, 2015 (*see, e.g.,* Doc. 79 in Criminal No. 14-0274-KD). During the change of plea hearing, Erskine acknowledged receiving copies of the indictments, fully discussing the charges—and possible defenses to those

---

Defendant, **MICHAEL ROBERT ERSKINE**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **MICHAEL ROBERT ERSKINE'S** plea of guilty. The statement of facts does not contain each and every fact known to **MICHAEL ROBERT ERSKINE** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On June 20, 1995, **MICHAEL ROBERT ERSKINE** was convicted in Case No. 95-129, in the State of Virginia for a sex offense. On April 29, 2014, the Defendant last registered in Mobile County as a sex offender. He acknowledged with his signature that he understood all requirements under the Alabama Sex Offender Registration to include his obligations when traveling outside the jurisdiction as well as his responsibility to disclose possession of a passport and to report social media activity.

On October 16, 2014, the defendant attempted to travel by air from Mobile, Alabama, to Manila, Philippines. He was refused entry in route because of his sex offender status and was returned to Mobile.

The Saraland Police Department was notified that the defendant had attempted to travel to the Philippines without obtaining permission to travel as required by the rules and regulations of his sex offender registration. Officers conducted a preliminary investigation and learned that the defendant had also not reported that he was active on social media.

On October 20, 2014, the defendant was arrested for failure to register, a state offense. He waived his Miranda Rights and gave a statement about his attraction to children. He gave consent for a review of his computer and images of child pornography were discovered.

Based on that information, HIS obtained a search warrant for a forensic analysis of the Defendant's computer. This revealed approximately 50 images of child pornography that had been downloaded and received from the internet. Additionally, it revealed that the defendant was transferring images of child pornography that had been downloaded from the internet onto an external storage device.

(*Id.* at 2-3.)

charges—with his attorney, and stated he understood the charges pending against him. (*See id.* at 5-6.)[5] Importantly, Erskine acknowledged that with respect to the receipt of child pornography charge that if the Government was correct in its assessment and the Court found that he had a qualifying offense and the 15-year minimum mandatory enhancement applied to his case, he was facing a 15 to 40-year sentence. (*Id.* at 6-7; *see also* Doc. 48 in Criminal No. 14-0274-KD, at 4 ("**However, the defendant may be subject to enhanced sentencing of not less than 15 years to 40 years because of his possibly qualifying prior conviction**.")).

> THE COURT:　　 . . . If your attorney is able to show that you don't have a qualifying offense, it would go down to 5 to 20. Do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT:　　Do you understand in just a first look, it looks like the 15 years applies.
>
> THE DEFENDANT: Yes. He showed me that.
>
> THE COURT:　　And you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT:　　Okay. So[,] you understand those to be the penalties?
>
> THE DEFENDANT: Yes.
>
> THE COURT:　　All right. Now, you've entered into a plea agreement with the Government where they'll be indicating that they will be recommending the low end of the guideline. And, of course, if you are subject to the 15 years, the guidelines may be higher than the 15 years,

---

[5]　　Petitioner also informed the Court that he was satisfied by the general representation he received from his attorney and with the advice from retained counsel that he should plead guilty. (*Id.* at 5.)

but you understand their position is going to be the low end [of] the guidelines? Do you understand that?

THE DEFENDANT: Yes, I do, ma'am.

(Doc. 79 in Criminal No. 14-0274-KD, at 7; *see also id.* at 9 ("THE COURT: But I am required to impose at least a mandatory minimum sentence. Do you understand that? THE DEFENDANT: Yes, ma'am.")). Erskine also acknowledged that he read the plea agreement and discussed it with counsel before signing it; that he was not promised anything not included in the plea agreement; and that no one tried to force him to plead guilty. (*Id.* at 7-8.) Before stating affirmatively on the record that he wanted to plead guilty to the charges (*id.* at 9), Erskine also acknowledge the rights he was waiving— including the right to a trial by jury and all rights attendant thereto—by entering a guilty plea (*see id.* at 8-9). And after the Government placed on the record the elements of each charge and the facts underlying the propriety of the charges, the same content as that previously outlined and contained in the Factual Resume (*compare id.* at 9-12 *with* Doc. 48 in Criminal No. 14-0274-KD, Factual Resume), Erskine specifically stated on the record that the Government could prove those facts and pled guilty to the charges (Doc. 79 in Criminal No. 14-0274-KD, at 12).

Before sentencing, Erskine, through his attorney, initially filed the following position with respect to the Presentence Investigation Report on September 14, 2015, in Criminal No. 15-0079-KD:

1.    The Defendant objects to the application of a minimum mandatory sentence of fifteen years to forty years imprisonment in that there is not a previous or prior conviction that triggers the enhanced minimum mandatory from five years to fifteen years . . . .

2.    The statute under which the minimum mandatory is

increased from five to fifteen years is constitutionally deficient as same is vague under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. See *Johnson v. United States,* 576 U.S. ___ (2015) decided June 26, 2015.

3.      The Government has not produced or proven admissible facts to support an increase in the minimum mandatory from five to fifteen years.

(Doc. 23). On October 6, 2015, Erskine, through counsel, filed his amended position with regard to the Presentence Investigation Report in both Criminal No. 14-0274-KD and Criminal No. 15-0079-KD. (*Compare* Doc. 56 in Criminal No. 14-0274-KD *with* Doc. 29 in Criminal No. 15-0079-KD).

Comes now the Defendant, Michael Robert Erskine, by and through counsel, and amends his position as to the Pre-Sentence Investigation Report filed October 1, 2015 and more particularly paragraph 19 which provides in pertinent part as follows:

"19.    **Specific Offense Characteristics:** The defendant was previously convicted of aggravated sexual battery of a child in Virginia. According to investigative material, the victim was a female, and was age 8 when the sexual abuse began. Pursuant to USSG § 2G2.2(b)(5), because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, the offense level is increased by 5 levels."

The Defendant pled guilty to failing to register as a sex offender prior to leaving the United States.

The Defendant pled guilty to possession of pornographic material. The Pre-Sentence Report addresses specific offense characteristics of an alleged previous conviction in Virginia. That conviction is not relative or chargeable as specific events characteristic to which the Defendant pled guilty and therefor the addition of a 5[-]level increase should be stricken and denied.

(Doc. 56.)

All of the foregoing objections by Erskine were overruled by the Court during the sentencing hearing on October 9, 2015 (*see* Doc. 78 in Criminal No. 14-0274-KD, at 3-6), and following some comments and testimony by a witness called on Erskine's behalf (*see id.* at 7-10) and Erskine himself (*see id.* at 11-14; *but cf.* at 14-16 (government's rebuttal of Erskine's comments and testimony)), the Court sentenced Erskine to a 180-month term of imprisonment on the receipt of child pornography charge and a concurrent 120-month term of imprisonment for failing to register as a sex offender (*see id.* at 16-17).

> THE COURT:      Well, the guidelines become the 180 months.
>
> Okay. Well, . . . a lot of times I have child porn cases that have these long sentences that I'm not sure of. In this case I'm sure of it. You've proven that you do act out on this. I'm not saying that you've acted out recently, but you are a danger to society, which I think supports the 180 months in this case. Without the enhancement, it would mean up to 20 years in prison. And I would find even without the enhancement that a 15-year sentence is appropriate considering your background, your continued involvement with child porn, and your continued refusal to register.
>
> If you will stand, I'll read your sentence.
>
> Pursuant to the Sentencing Reform Act, it's the judgment of the Court that the defendant, Michael Robert Erskine, is hereby committed to the custody of the Bureau of Prisons for a term of 180 months as to count one in 15-79 and 120 months as to 14-274, to run concurrently. I recommend that you be imprisoned at an institution where you may be evaluated and receive in-depth psychological counseling and, if you volunteer, then at the Federal Correctional Institute where you can participate in sex offender treatment.

(*Id.*) That same day, the Court entered its written judgment. (*See, e.g.,* Doc. 59 in Criminal No. 14-0274-KD).

Erskine filed a signed, written notice of non-appeal in both cases on October 13, 2015 (*see, e.g.,* Doc. 58 in Criminal No. 14-0274-KD); however, on April 7, 2016,

Erskine filed a *pro se* written notice of appeal, along with a motion for an extension of time to file an out-of-time appeal (*see, e.g.,* Docs. 61-62 in Criminal No. 14-0274-KD). A panel of the Eleventh Circuit Court of Appeals issued a per curiam decision on February 27, 2018 affirming Erskine's convictions and sentences. (*See, e.g.,* Doc. 80 in Criminal No. 14-0274-KD).

> Kristen Gartman Rogers, appointed counsel for Michael Erskine in this direct criminal appeal, has moved to withdraw from further representation of Erskine and filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Erskine's convictions and sentences are **AFFIRMED**.

(*Id.* at 2.) The per curiam opinion of the Eleventh Circuit panel was issued as mandate on March 28, 2018 (*see, e.g.,* Doc. 81 in Criminal No. 14-0274-KD) and there is no evidence that Erskine thereafter filed a petition for writ of certiorari to the United States Supreme Court (*see* Docket Sheets).

On May 15, 2018, Erskine filed his motion to vacate in this Court. (Doc. 82 in Criminal No. 14-0274-KD, at 16) where he alleges two instances of ineffective assistance of trial counsel and two instances of alleged ineffective assistance appellate counsel based upon appellate counsel's failure to challenge trial counsel's performance on direct appeal. (*See id.* at 4-11). Erskine asserts that his trial attorney provided constitutionally ineffective assistance in the following respects and that his appellate attorney should have brought these transgressions to the attention of the Eleventh Circuit during the course of his direct appeal: (1) trial counsel should have argued that 18 U.S.C. § 2252A(a)(1) is "ambiguous" with 18 U.S.C. § 2252A(a)(5)(B) and that

knowing possession of child pornography is generally a lesser-included offense of the knowing receipt thereof and these deficiencies prejudiced him because the sentence imposed was enhanced from 5 to 20 years to 15 to 40 years (*see id.* at 4-5); and (2) trial counsel should have argued that 18 U.S.C. § 2250(a) "is not a crime under Virginia Code Ann. § 18.2-472, which holds that 'failing to register as a sex offender is not a crime involving moral turpitude[,]'" and he was prejudiced by this deficiency because it "caused Petitioner's imposed sentence to be enhanced beyond § 2250(a)'s minimum requirement." (*See id.* at 6 & 7)[6].

## CONCLUSIONS OF LAW

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Petitioner's sole claim is that constitutionally ineffective assistance of trial and appellate counsel entitles him to the relief afforded by 28 U.S.C. § 2255. (*See* Doc. 82 in Criminal No. 14-0274-KD).

**A.      Did Erskine's Trial or Appellate Attorney Provide Constitutionally Ineffective Assistance?** It is clear that in order to establish a claim of ineffective

---

[6]      Erskine filed no brief in support of his motion to vacate (*see* Docket Sheets) and in his motion to vacate sets forth no legal precedent which supports his allegations (*see* Doc. 82 in Criminal No. 14-0274-KD).

assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also Jones v. United States,* 478 Fed.Appx. 536, 539-540 (11th Cir. Sept. 23, 2011) ("To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.")[7]. "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that []he was prejudiced by that performance." *Demar v. United States,* 228 Fed.Appx. 940, 950 (11th Cir. Jun. 21, 2007) (quotation marks, brackets and citations omitted); *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002)[8].

> The performance prong of the ineffective assistance standard entails a deferential review of counsel's conduct. In assessing the reasonableness of counsel's performance, courts must indulge a strong

---

[7]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[8]     It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 545, 154 L.Ed.2d 432 (2002).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[9] Thus, the Sixth Amendment does not require criminal defense attorneys to take a nothing to lose approach and raise every available nonfrivolous defense.

With respect to prejudice, courts ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Means, supra,* 433 Fed.Appx. at 855 (internal quotation marks and citations omitted; footnote added); *see also Pair v. Cummins,* 373 Fed.Appx. 979, 981-982 & 982 (11th Cir. Apr. 20, 2010) ("The performance prong of an ineffective assistance claim requires the petitioner to show that, considering all the circumstances, his attorney's representation fell below an objective standard of reasonableness. The standard is that of a reasonable attorney, not a paragon of the bar or an Aristotle or a Clarence Darrow. Moreover, judicial review of an attorney's performance is highly deferential, and the court must eliminate the distorting effects of hindsight and evaluate performance from the attorney's perspective at the time the challenged conduct occurred. In so doing, the court must indulge a strong presumption that the attorney's conduct was objectively reasonable. A petitioner fails to overcome that presumption if the challenged conduct might be considered sound trial strategy. . . . Pair must [also] establish prejudice. It is not enough for him to show that his counsel's deficient performance had some conceivable effect on the jury's verdict. Instead, Pair must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

---

[9]    In order to satisfy the first prong, "the petitioner must establish that no competent counsel would have taken the action that his counsel did take[.]" *Hall v. Thomas,* 611 F.3d 1259, 1290 (11th Cir. 2010) (quotation marks and citation omitted).

undermine confidence in the outcome." (internal quotation marks and citations omitted)).

The *Strickland v. Washington* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The Eleventh Circuit has held that "'counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, as in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" *Carter v. United States,* 288 Fed.Appx. 648, 649 (11th Cir. Aug. 4, 2008), quoting *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984).

In the context of a claim of ineffective assistance of appellate counsel, the Court's analysis is further guided by recognition of the principles that an appellate attorney "is not ineffective for failing to raise claims 'reasonably considered to be without merit[,]'" *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted), *cert. denied,* 531 U.S. 1131, 121 S.Ct. 892, 148 L.Ed.2d 799 (2001); *see also Jones v. Secretary, Dep't of Corrections,* 487 Fed.Appx. 563, 568 (11th Cir. Aug. 24, 2012) (same), nor is she required "to raise every 'colorable claim suggested by a client[.]" *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983); *see also Brown v. United States,* 720 F.3d 1316, 1335 (11th Cir. 2013) ("An attorney is not required under the Constitution or the *Strickland* standards to raise every non-frivolous issue on appeal[.]"), *cert. denied,* ___ U.S. ___, 135 S.Ct. 48, 190 L.Ed.2d 53 (2014); *see Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir. 1991) (recognizing that

appellate advocates do not have to raise every non-frivolous issue on appeal), *cert. denied,* 502 U.S. 1077, 112 S.Ct. 981, 117 L.Ed.2d 144 (1992). Indeed, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

Given the two-prong nature of the test for adjudicating ineffective-assistance-of-counsel claims, it can come as no surprise that "'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Johnson, supra,* 256 F.3d at 1176 (citation omitted); *see also Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." (citations omitted)), *cert. denied,* 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001). When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied*, 527 U.S. 1008, 119 S.Ct. 2347, 144 L.Ed.2d 243 (1999); *see also Adamson v. United States,* 288 Fed.Appx. 591, 594 (11th Cir. Jul. 29, 2008) ("The defendant must satisfy both prongs of this test to show a Sixth Amendment violation; if the defendant fails to demonstrate one of these prongs sufficiently, we do not need to address the other."), *cert. denied,* 555 U.S. 1010, 129 S.Ct. 526, 172 L.Ed.2d 385 (2008); *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

With these principles in mind, the undersigned considers first and very briefly Petitioner's claims against his appellate attorney before shifting focus to his asserted claims against his trial attorney because the claims asserted against his appellate attorney are premised on appellate counsel's failure to challenge trial counsel's performance on direct appeal in the manner Erskine sets forth in Grounds 1-2 of his motion to vacate. (*See* Doc. 82 in Criminal No. 14-0274-KD, at 9-11).

      **1.**    **Appellate Counsel's Performance**. Erskine contends that his appellate attorney's performance was constitutionally inadequate because she failed to challenge trial counsel's performance, as set forth in Grounds 1-2 of the motion to vacate, on appeal. The undersigned perceives no deficiency in appellate counsel's failure to challenge trial counsel's performance on appeal for two reasons. First, Erskine's allegations against trial counsel are conclusory and unsupported by citation to case law. Second, and more importantly, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" *United States v. Patterson,* 595 F.3d 1324, 1328-29 (11th Cir. 2010), quoting *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *see United States v. Bender,* 290 F.3d 1279, 1284 (11th Cir.) (recognizing that it "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record."), *cert. denied,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002). The record in this case certainly establishes that this Court did not entertain the claims of ineffective assistance of trial counsel Erskine raises in his motion to vacate nor did it develop a factual record; therefore, appellate counsel

16

was obviously not deficient in failing to challenge trial counsel's performance on direct appeal. *See Bender, supra.* Moreover, because this Court did not entertain any claims of ineffective assistance of trial counsel or develop a factual record in this regard, Petitioner has not established the prejudice prong as he has not even established that the appellate court would have entertained the claims of ineffective assistance of trial counsel on appeal, *see Bender, supra,* much less that the appellate court would have found his conclusory allegations meritorious. Besides, because this Court is now addressing Erskine's claims of ineffective assistance of trial counsel, there is simply no basis upon which to find that Petitioner has established either prong of the *Strickland v. Washington* standard as it relates to appellate counsel's performance.

       **2.**     <u>**Trial Counsel's Performance**</u>. Erskine claims that his trial attorney provided constitutionally ineffective assistance in that: (a) he should have argued that 18 U.S.C. § 2252A(a)(1) is "ambiguous" with 18 U.S.C. § 2252A(a)(5)(B) and that knowing possession of child pornography is generally a lesser-included offense of the knowing receipt thereof and these deficiencies prejudiced him because the sentence imposed was enhanced from 5 to 20 years to 15 to 40 years (*see* Doc. 82 in Criminal No. 14-0274-KD, at 4-5); and (b) trial counsel should have argued that 18 U.S.C. § 2250(a) "is not a crime under Virginia Code Ann. § 18.2-472, which holds that 'failing to register as a sex offender is not a crime involving moral turpitude[,]'" and he was prejudiced by this deficiency because it "caused Petitioner's imposed sentence to be enhanced beyond § 2250(a)'s minimum requirement." (*Id.* at 6-7). For its part, the Government has read Erskine's first claim "to be that his attorney was ineffective in not directing him to negotiate a plea of guilty to a lesser-included offense rather than to the

receipt charge under § 2252A[]" (Doc. 84 in Criminal No. 14-0274-KD, at 6) and his second claim "to be that his attorney was ineffective for not filing a motion to dismiss because, he says, his underlying Virginia conviction did not require him to register for SORNA." (*Id.* (citation omitted)). And, given that Erskine has filed no reply to the Government's response in opposition, the Court agrees with the Government's reading/framing of Petitioner's claims of ineffective assistance of trial counsel.

From this vantage point, it is clear that such claims concern pre-plea matters and were waived when Erskine entered his knowing and voluntary plea.[10] *Compare Fonseco v. United States,* 2011 WL 2457750, *2 (S.D. Fla. Jun. 16, 2011) ("A knowing and voluntary plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel."), *relief from judgment denied,* 2011 WL 4715183 (S.D. Fla. Oct. 7, 2011), and *United States v. Childs,* 2007 WL 4162926, *3 (M.D. Fla. Nov. 20, 2007) (finding that the guilty plea waiver of all non-jurisdictional defects "includes claims of ineffective assistance of counsel based on pre-lea issues. 'A voluntary guilty plea waives . . . claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'") *with Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992) (in

---

[10]     The record in this case clearly establishes that the plea was knowing and voluntary. *Compare, e.g., United States v. Moriarity,* 429 F.3d 1012, 1020 (11th Cir. 2005) (on its way to finding that plea was knowing and voluntary, the appellate court observed that the defendant "does not cite, and we do not find, anything in the record indicating that he meant to plead other than guilty.") *with United States v. Medlock,* 12 F.3d 185, 187 (11th Cir.) ("There is a strong presumption that statements made during the plea colloquy are true."), *cert. denied,* 513 U.S. 864, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994) and *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

finding a waived claim of pre-plea ineffective assistance of counsel, the Eleventh Circuit noted that the claim was not about the defendant's decision to plead guilty and that "[a] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.") and *Duhart v. United States,* 556 Fed.Apx. 897, 898 (11th Cir. Feb. 28, 2014) (implicitly confirming that a defendant can waive pre-plea ineffective assistance of counsel claims that do not "go to the knowing and voluntary nature of the plea[]"), *cert. denied,* ____ U.S. ____, 135 S.Ct. 1475, 191 L.Ed.2d 418 (2015). Besides, the undersigned agrees with the Government that these claims fail as a matter of law under *Hill, supra,* 474 U.S. at 59, 106 S.Ct. at 370 (to establish prejudice a petitioner must establish "a reasonable probability that, but for counsel's error[], he would not have pleaded guilty and would have insisted on going to trial."). Erskine neither alleges nor endeavors to prove that, but for his counsel's purported errors, he would have pleaded not guilty and would have insisted on going to trial.[11] *Compare Davis v. United States,* 335 Fed.Appx. 825, 827 (11th Cir. Jun. 9, 2009) ("If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy *Strickland*.") *with Bohannon v. United States,* 2010 WL 749329, *4 (S.D. Ala. Feb. 26, 2010) ("Nor can the petitioner satisfy the prejudice

---

[11]     Instead, Erskine simply cleaves to the notion that his sentences would have been different in absence of counsel's purported errors (*see* Doc. 82 in Criminal No. 14-0274-KD, at 5 & 7), thereby implicitly acknowledging that he still would have pled guilty.

prong of his ineffective assistance claim. As a threshold matter, he has failed to even *allege* prejudice, and such a failure is independently fatal.") (emphasis in original); *cf. Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992) ("'Conclusory allegations of ineffective assistance are insufficient.'").[12]

**B.** **Certificate of Appealability**. The Magistrate Judge recommends that the Court deny Erskine's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Moreover, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Here, Erskine's habeas petition arguably is being denied both on procedural grounds without reaching the merits of the constitutional claims, such that "a COA should issue [only] when the prisoner shows . . .

---

[12] The undersigned also parenthetically determines that Erskine has not established the viability of either claim—that is, he has shown neither that trial counsel had any "leverage" by which to convince the Government to allow him to plead guilty to possession of child pornography nor has he shown, by citation to case law, that had counsel attacked his failure to register charge it would have been dismissed—and, as a consequence, he has failed to establish that his trial attorney was constitutionally deficient in any manner alleged. *Compare Hall, supra,* 611 F.3d at 1290 ((finding that a petitioner "must establish that no competent counsel would have taken the action that his counsel did take") *with Pair, supra,* 373 Fed.Appx. at 982 (recognizing that courts "must 'indulge a strong presumption' that the attorney's conduct was objectively reasonable.").

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), and also on the merits, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has waived his ineffective assistance of trial counsel claims, a reasonable jurist could not conclude either that this Court is in error in denying the instant petition or that Erskine should be allowed to proceed further regarding this claim, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

21

further."). In addition, with respect to all of his ineffective assistance of counsel claims, it is recommended that the Court find that reasonable jurists could not debate whether Erskine's § 2255 habeas petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability with respect to any of his claims.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion that Michael Robert Erskine's rights were not violated in this cause and that his request to vacate, set aside or correct his sentences (*see* Doc. 82 in Criminal No. 14-0274-KD) should be **DENIED**. Petitioner is

not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of August, 2018.

  s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

23