# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MICHAEL ROBERT ERSKINE,       :

    Petitioner,                :

                                    CIVIL ACTION NO. 18-0236-KD-MU

                             :

vs.                          CRIMINAL NO. 14-0274-KD AND

                           :       CRIMINAL NO. 15-0079-KD

UNITED STATES OF AMERICA,

                           :

    Respondent.

## ORDER

This action is before the Court on the Report and Recommendation wherein the United States Magistrate Judge recommends denial of Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 57) and the Petitioner's objections (doc. 86).

Petitioner objects to the Magistrate Judge's acceptance of the United States' characterization of one of his claims. Specifically,

> For its part, the Government has read Erskine's first claim 'to be that his attorney was ineffective in not directing him to negotiate a plea of guilty to a lesser-included offense rather than to the receipt charges under § 2252A. . . . And given that Erskine has filed no reply to the Government's response in opposition, the Court agrees with the Government's reading/framing of Petitioner's claims of ineffective assistance of trial counsel.

(Doc. 85, p. 17-18, *United States v. Erskine*, Criminal Action 14-00274-KD-MU; doc. 57, p, 17-18 *United States v. Erskine*, Criminal Action 15-00079-KD-MU).

Petitioner argues that the "Government recharacterized Petitioner's argument to fit its theory instead of directly addressing his stated claims. Petitioner's claim simply states that the

Government failed to prove the element of 'intent' to trigger the enhancement under the preponderance of the evidence standard[]" (doc. 86, p. 2; doc. 58, p, 2). He also argues that "[i]t was counsel's unmitigated legal duty, to research and contest this complained of 'intent' deficiency of the Government's case at the pre-trial level." (Id.).

The objection does not support modification or rejection of the Magistrate Judge's report and Recommendation. Petitioner plead guilty and was convicted of the offense of knowingly receiving child pornography under 18 U.S.C. § 2252A(a). "A person 'knowingly receives' child pornography when he intentionally views, acquires, or accepts child pornography on a computer from an outside source." *United States v. Alford*, - - - Fed. Appx. - - -, 2018 WL 3700582, at *3 (11th Cir. Aug. 3, 2018) (quoting *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011)).

The record indicates that Petitioner admitted sufficient facts to establish that he knowingly received the child pornography, and thus, his admitted his intent. In the Factual Resume, Petitioner admitted the allegations in the Indictment. He agreed that the search of his computer "revealed approximately 50 images of child pornography that had been downloaded and received from the Internet" and that the search also "revealed that [Petitioner] was transferring images of child pornography that had been downloaded from the Internet onto an external storage device." (Doc. 48, p. 12, 15, *United States v. Erskine*, Criminal Action 14-00274-KD-MU; Doc.18, p. 12, 15; *United States v. Erskine*, Criminal Action 15-00079-KD-MU).

At the change of plea hearing, the Assistant United States Attorney stated that the forensic analysis of Petitioner's computer "revealed approximately 50 images of child pornography that had been downloaded and received from the Internet" and that "the defendant was transferring images of child pornography that had been downloaded from the Internet onto

an external storage device." (Doc. 79, p. 11-12; at Doc. 54, p. 11-12). The Court then asked

Petitioner: "Do you agree the Government could prove those facts against you, Mr. Erskine?"

(Id., p. 12) Petitioner responded "Yeah, Yes, ma'am." (Id., p. 12).

Petitioner also objects to the Magistrate Judge's finding as to trial counsel's performance

regarding his conviction under the Sex Offender Registration and Notification Act (SORNA).

Petitioner states, in relevant part, as follows:

> Virginia Code Ann. § 18.2-472 holds that 'failing to register as a sex offender is
> not a crime involving moral turpitude[,] Petitioner argues that based upon this
> Virginia Code where the offense occurred, because it [is] not a criminal offense [
> ] where it occurred, it cannot be transported to another state and made a criminal
> offense for enhancement purposes without offending the Double Jeopardy Clause
> doctrine of the Fifth Amendment. Moreover, because of the noncriminal nature of
> the offense in the Virginia code under whose legal jurisdiction it occurred, by the
> United States Supreme Court law … Petitioner is "actually innocent" concerning
> said offense. Accordingly, he cannot be legally penalized with a subsequent
> enhancement provision in this instant and different federal offense.

(Doc. 86, p. 3; Doc. 58, p. 3). Petitioner objects that his counsel's "performance was

unreasonable" because he did not "investigate and prepare an adequate defense based on the

above proposition." (Id. p. 4)

Petitioner's argument is non-sensical. Petitioner's offense of failure to register and update

a registration occurred in the State of Alabama, in the jurisdiction of the Southern District of

Alabama, not in Virginia (Doc. 1). According to the Offense Conduct section of the Factual

Resume, Petitioner had last registered in Mobile County, Alabama. Thus, his offense was not

"transported" to another state. Moreover, since his offense of conviction is a federal crime, the

Virginia statute is irrelevant.[1]

---

[1]  As an aside, Petitioner's argument is clearly meritless. Just because a crime does not invoke
moral turpitude does <u>not</u> mean that it is not a crime.

Accordingly, after due and proper consideration of all portions of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated August 29, 2018, is **ADOPTED** as the opinion of this Court.

**DONE** this 2nd day of October 2018.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE