IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00079-KD-B |
| | ) |
| MICHAEL ROBERT ERSKINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Michael Robert Erskine's Motion for Sentence Reduction due to Extraordinary and Compelling Circumstances and Appointment of Counsel, medical records and letters in support (doc. 69),[1] the response and medical records filed by the United States (docs. 72, 74), and Erskine's reply (doc. 76). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I.    Background

In 2014, Michael Robert Erskine was indicted for the offense of failure to register as a sex offender. United States v. Erskine, Criminal Action No. 14-00274-KD-MU (S.D. Ala. 2014). In 2015, he was indicted for the offense of receipt of child pornography. United States v. Erskine, Criminal Action No. 15-00079-KD-B (S.D. Ala. 2015).  Erskine pled guilty to the one-count indictments.  On October 9, 2015, he was sentenced to a term of 180 months as to Count

---

[1] Erskine's request for appointment of counsel is denied.  There is no constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'" United States v. Reese, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion).  The Court finds that appointment of counsel is not necessary. Erskine has shown the ability to effectively set forth the facts, claims and argument and otherwise prosecute this action. Additionally, the claims are not factually and legally complex or exceptional such that appointment of counsel would be warranted.

One for receipt of child pornography and a term of 120 months as to Count One for failure to register as a sex offender, to serve concurrently (doc. 32).

Erskine is now 63 years old.  He is incarcerated at FCI Jesup in Jesup, Georgia and his release date is October 1, 2027.  He has served approximately 6 years of his sentence.

    II.       Motion for Reduction of Sentence and/or Compassionate Release

    A.       Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

On June 25, 2020, Erskine submitted a request to the Warden to file a motion on his behalf and the request was denied  (doc. 72, p. 21-22).  The instant motion was deemed filed on September 15, 2020, the day that Erskine signed and dated the motion.[2]  The United States does not dispute that thirty days lapsed between the Warden's receipt of the request and Erskine filing the motion (doc. 72, p. 9, 13). Therefore, he meets the statutory prerequisites for consideration.

---

[2] Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it.  The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)); United States v. Feucht, No. 11-CR-60025, 2020 WL 2781600, at *2–3 (S.D. Fla. May 28, 2020) (applying the prison mailbox rule an inmate's request to the Warden).

B.     Analysis

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)). Title 18 U.S.C. § 3582(c)(1)(A) provides for modification or reduction of a sentence i.e., compassionate release.  Since Erskine is 63 years old, only subparagraph (i) could apply.[3]

The compassionate release provision in subparagraph (i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, see supra, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

By separate statute, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that the Sentencing Commission "shall describe what should be

---

[3] Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

The Policy Statement is found at U.S.S.G. § 1B1.13.  In relevant part, the Policy Statement, sets forth as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).  Relevant here are Application Note 1(A)(ii)(I) which applies to a defendant who is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. (1)(A)(i)(I).  And Application Note 1(D),[4] which provides that the district court may consider "Other Reasons" if

---

[4] Erskine does not allege that he has a terminal illness, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished.  He

"[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D).

Erskine argues that the Policy Statement is inapplicable because it does not apply to motions brought by defendants and therefore, the examples and criteria listed therein do not constrain this Court's consideration of his motion (doc. 69, 76). Erskine raises two arguments for a reduction of sentence to time served.[5] First, he asserts that the Bureau of Prisons failed to adequately address Covid 19 at FCI Jessup which resulted in "harsh measures" such as quarantines, restricted access to computers, lockdowns, closing the commissary etc., and a failure to protect the inmates and keep them safe from infection. He argues that the uncontrolled presence of Covid 19 and his serious medical conditions – hypertension,[6] hyperlipidemia,[7] and

---

does not allege that his family circumstances or age meet the criteria. U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II)&(III), (B) & (C).

[5] Erskine also argues that he is "asking for a reduction, not necessarily a release" (doc. 69, p. 11). He "asks that the days of lockdown be counted either 2 for 1, or 3 for 1, with an appropriate addition to account for the incident of August 6th" when he alleges the prison officers used tear gas to restore order following an inmate hunger strike to protest prison conditions (Id.). Erskine's request is dismissed for lack of jurisdiction. The Bureau of Prisons, not the Courts, calculates and applies jail credits, and any claim regarding the BOP's computation must be filed in the district court in the district of incarceration, after the inmate has exhausted all administrative remedies. United States v. Anderson, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."); United States v. Martin, 362 Fed Appx. 69, 70 (11th Cir. 2010) (to seek judicial review, a petition or "claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies"); Vance v. United States, 476 Fed. Appx. 234 (11th Cir. 2012) (a § 2241 petition "may be brought only in the district court for the district in which the inmate is incarcerated.")

[6] Erskine's January 4, 2021 Chronic Care Encounter report indicates that his blood pressure was 125/83, which is very near normal blood pressure of less than 120/80 (doc. 72, p. 3). https://www.cdc.gov/bloodpressure/about.htm His blood pressure on October 6, 2020 was 122/73 (Id., p. 14). The records show that Erskine takes hydrochlorothiazide 25 mg, twice per day. (Id., p. 6)

5

"an undiagnosed heart condition"[8] – place him at increased risk of serious illness or death should he contract the virus and reduces his ability to provide self-care in the prison environment (doc. 69, doc. 76). Arguably, this reason may fall within Application Note 1(A)(i)(I). Alternatively, Erskine argues that having these medical conditions in the presence of Covid 19,[9] and the consequent treatment of inmates in response, constitutes an extraordinary and compelling reasons to reduce his sentence to time served "other than" the reasons described in the Policy Statement, to reduce his sentence to time served (doc. 69, p. 4, 10-199, doc. 76) (discussing Application Note 1(D)). Erskine argues that "the Sentencing Commission's policy leaves room for deciding what 'other reasons' that have not previously been enumerated can warrant a reduction in sentence" and that "the issues presented here are under the jurisdiction of this Court's discretion" (doc. 69, p. 4).

The United States argues that Erskine has failed to show an extraordinary and compelling reason for compassionate release (doc. 72, p. 13). The United States points out that Erskine's

---

[7] Erskine's January 4, 2021 blood chemistry indicates that his HDL cholesterol and LDL cholesterol are both within normal limits (doc. 72, p. 1). The records show that Erskine takes Pravastatin 40 mg, twice per day (Id., p. 6).

[8] Erskine asserts that medical appointments outside of prison are suspended due to Covid 19 and therefore, his "undiagnosed heart condition" cannot be properly evaluated or diagnosed (doc. 76). He argues that this lack of medical care reduces his ability to provide self-care in prison and is an extraordinary and compelling reason for compassionate release. (Id.) Erskine's medical records indicate that he complained of chest pain most recently in November 2019. He was seen by a medical doctor who noted "check ekg due to chest pain occurring 1-2 times/month (had stress test 2016 when he had the same exact complaint at the same chest pain frequency per month. Stress test 2016: unremarkable)" (doc. 69-1, p. 12). The medical records do not indicate that the medical doctor recommended a cardiac consultation. Also, the medical records from Erskine's January 4, 2021 Chronic Care Encounter in prison indicates that he denied "any chest pains" (doc. 74, p. 2).

[9] The Bureau of Prisons reports that at FCI Jesup, 1 inmate and 20 staff members tested positive for Covid 19, 2 inmates have died, and 496 inmates and 3 staff members have recovered. https://www.bop.gov/coronavirus/ (last visited March 15, 2021).

hyperlipidemia is stable and his hypertension is in remission (Id., p. 14).  The United States also points out that the Centers for Disease Control and Prevention do not regard Erskine's conditions as putting him at risk for serious illness due to Covid 19 as with other conditions such as pulmonary hypertension (Id.).

The Court is not persuaded that Erskine has met his burden to show that his medical conditions and the presence of Covid 19 at FCI Jessup constitute extraordinary and compelling reasons under either Application Note 1(A)(i)(I) or 1(D), which warrant a sentence reduction to time served.  Erskine's hypertension and hyperlipidemia are controlled with medication, and he has not presented any evidence of recent issues regarding chest pains or an undiagnosed cardiac condition.  Although Erskine states that he now uses a walker due to orthopedic pain, he does not appear to argue that his orthopedic conditions affect his ability to provide self-care (doc. 76).

Moreover, even if Erskine could meet this burden, the Court must still consider the applicable sentencing factors in 18 U.S.C. § 3553(a).  In that regard, Erskine argues that he has a minimum security score and a minimum pattern score, and therefore, the BOP considers him "a non-threat and unlikely to return to prison"  (doc. 69, p. 10).  He also argues that his "low risk of recidivism . . . would further decrease with continued supervision" and rehabilitation services (Id.).  Erskine admits that he needs rehabilitation services and asserts that these service "can be provided most effectively outside of prison" and that some services are not available in the prison setting (Id.). Erskine also admits that he committed a serious offense but argues he has served a substantial portion of his sentence, and that with his medical conditions, "additional prison time would be substantially more punitive than reasonably necessary" (Id.). He argues

that "house arrest" with supervision by the U.S. Probation Office would meet the goals of incarceration and allow him to be assisted by family members[10] (Id.).

The United States argues that in view of the offense conduct and Erskine's criminal history, the sentence is "fair, appropriate and necessary to deter crime" and should not be modified (doc. 72, p. 14, citing 18 U.S.C. § 3553(a)). The United States points out that at sentencing Erskine was found a danger to society and that he still remains a "danger to the community" (Id., p. 1, 14).

The Court has considered Erskine's history and characteristics. 18 U.S.C. § 3553(a)(1). Specifically, his prior sex offense and conduct involving children, and finds that this factor does not weigh in favor of a sentence reduced to time served. The Court has also considered the nature and circumstances of his current offenses and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). Erskine had registered as a sex offender in Mobile County, Alabama. As part of his registration, he acknowledged his obligations when traveling outside the jurisdiction, and his responsibility to disclose possession of a passport and to report activity on social media (doc. 25, p. 4). His current offenses result from an October 16, 2014 attempt to fly to Manila, where he was refused entry because of his sex offender status and returned to Mobile, Alabama. (Id.) Upon investigation, Erskine was found to be active on social media and images of child pornography were found on his computer (Id.). He was arrested Dec. 22, 2014 and released on bond on Jan. 5, 2015. However, his bond was revoked on January 8, 2015 for failure to report to the U.S. Probation Office (Id.)

In this circumstance where Erskine has a history of sex offenses and has served approximately 6 years of a 15-year sentence, early release would not meet the need for the

---

[10] Erskine did not spell out his release plan in his motion. However, his mother writes that she is moving back to Mobile to assist her son and would help him "get settled in his home . . . or a

sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Additionally, the Court recommended to the Bureau of Prisons that Erskine be imprisoned where he "may be evaluated and receive in-depth psychological counseling, or, if [he] volunteers, at a Federal Correctional Institution where he may participate in the Sex Offender Treatment Program" (doc. 32).  Thus, rehabilitation is likely available within the Bureau of Prisons.

Accordingly, Erskine's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DONE this the 17th day of March 2021.

s / Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**CHIEF UNITED STATES DISTRICT JUDGE**

---

rental if that would be his need" (doc. 69-1).